UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| JOHNNY RAY COLEMAN, | ) | | |
|---|---|---|---|
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 2:18-CV-00197 |
| | ) | | REEVES/POPLIN |
| BOB HOGAN, JASON PHILLIPS, and | ) | | |
| CRAIG HENDERSON, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

Plaintiff is an inmate proceeding pro se in a civil rights action alleging a violation of 42 U.S.C. § 1983. Defendants Bob Hogan, Jason Phillips, and Craig Henderson have filed a joint motion to dismiss this action as barred by the statute of limitations [Doc. 27]. Plaintiff has submitted a reply in opposition to the motion [Doc. 34]. Having fully considered the parties' arguments and the applicable law, the Court finds that Defendants' motion to dismiss will be **GRANTED**, for the reasons that follow.

### I. PLAINTIFF'S ALLEGATIONS

In June or July of 2017, while Plaintiff was housed at the Cocke County Jail, he "had words" with Officer Jason Phillips over a mat that was confiscated during a shakedown [Doc. 2 p. 4]. Phillips, along with two other officers, entered Plaintiff's cell, grabbed him by the throat, slammed him on the ground, and handcuffed him with his hands behind his back [*Id.*]. Officer Phillips then sprayed him with pepper spray and punched him repeatedly in the face while Officer Henderson punched and kicked Plaintiff [*Id.*]. Plaintiff alleges that three of his teeth were broken in the process [*Id.*].

Thereafter, Plaintiff was placed in a restraint chair for over three hours, after which officers placed him in the drunk tank to heal [*Id*.]. Plaintiff later filled out numerous sick call requests and was refused medical attention by Jail Administrator, Bob Hogan [*Id*. at 5].

## II. MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, where it is apparent on the face of a complaint that the plaintiff's suit is time-barred, judgment on the pleadings in favor of the defendants is proper. *See, e.g., Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994).

## III. DISCUSSION

Federal district courts apply the State's statute of limitations for personal injury actions in proceedings arising under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See* Tenn. Code Ann. § 28-3-104; *Panzica v. Corr. Corp. of Am.*, 559 F. App'x 461, 463 (6th Cir. 2014) (applying Tennessee's one-year statute of limitations in prisoner's § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs*., 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

While apparently conceding he did not timely file his lawsuit, Plaintiff argues that he did not see a dentist until 2018, which is when he learned of the seriousness of his injury [Doc. 34 p. 2]. Therefore, he claims, the statute of limitations should not be triggered until 2018 [*Id*.].

However, Plaintiff's complaint alleges that he was slammed to the ground, handcuffed, pepper-sprayed, and punched, thereby "breaking off three of his teeth and swelling his face up," right before he was placed in a restraint chair for three hours and denied medical treatment upon removal from the restraint chair [Doc. 2 p. 4-5]. Therefore, it is clear from Plaintiff's allegations that he immediately knew of the injuries that formed the basis for this action. Nevertheless, he did not file this lawsuit within a year of those alleged injuries, but rather, waited until November 2018 to pursue this litigation [*See* Doc. 2 p. 6]. Accordingly, Plaintiff's allegations are time-barred, and Defendants are entitled to dismissal.

## IV. CONCLUSION

For the reasons set forth herein, Defendants' motion [Doc. 27] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**.

Further, the Court will **CERTIFY** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**